DOWD, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| State of Ohio, Department of Job and Family Services | CASE NO. 5:12-CV-01134 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Carolyn Jones, Fiduciary of the Estate of Earnest Jones, Deceased | |
| Defendant. | |

This case was initially filed by the plaintiff in the Summit County Court of Common Pleas on April 10, 2012. ECF 1, Exhibit 2. The defendant subsequently filed a Notice of Removal on May 8, 2012, bringing the case before this Court. ECF 1. The defendant then answered the plaintiff's Complaint. ECF 3.

On May 24, 2012, the plaintiff filed a Motion to Remand to the Summit County Court of Common Pleas. ECF 6. The defendant later filed a Brief in Opposition to Remand, and the plaintiff filed a reply. ECF 7, 9. The matter is now before the Court on the plaintiff's Motion to Remand.

For the reasons discussed below, the plaintiff's Motion to Remand is GRANTED.

## I. Facts and Procedural Background

During his lifetime, Earnest Jones was a Medicaid recipient. ECF 1, Exhibit 1. He passed away in 2010, and his wife Carolyn survived him and became the fiduciary of his estate. On September 26, 2011, the plaintiff sent Mr. Jones' estate a claim for Medicaid Estate Recovery

(5:12-CV-01134)

pursuant to 42 U.S.C. § 1395p and ORC § 5111.11. Id. The claim stated that the estate would owe the plaintiff $119,926.72 in Medicaid benefits that the plaintiff had paid on behalf of Mr. Jones, but pursuant to federal and state statutory provisions forbidding collection from an estate while a surviving spouse is still alive, the estate would not have to pay until after Mrs. Jones' death. The attorney for the estate subsequently sent the plaintiff a letter saying that the plaintiff's claim was rejected because it did not meet the requirements of 42 U.S.C. § 1396p and ORC § 5111.11. ECF 1, Exhibit 2. After the claim was rejected, the plaintiff filed a Complaint in the Summit County Court of Common Pleas, asking the court to enter judgment that its claim did in fact meet the statutory requirements, and it was thus valid and enforceable against Mr. Jones' estate upon Mrs. Jones' death. ECF 1, Exhibit 1.

The defendant subsequently filed a Notice of Removal, contending that this Court has original jurisdiction over the case, pursuant to 28 U.S.C. § 1331, because the claim involves a federal question concerning Medicaid. ECF 1. The defendant then filed an Answer to the plaintiff's Complaint, seeking dismissal of the plaintiff's claim against the estate. ECF 3. The plaintiff subsequently filed a Motion to Remand, arguing that this case falls under the Probate exception to federal jurisdiction, and that the claims in the case are firmly grounded in State law. ECF 6. The defendant opposed that motion, taking the position that the plaintiff's claim was at least partially based on federal statute and revolved around the interpretation of federal statute. ECF 7.

(5:12-CV-01134)

## II. Law and Analysis

### A. Standard for Removal

Under 28 U.S.C. § 1441, "an action is removable only if it could have been initially brought in federal court." *Harmon v. St. Augustine Manor*, 2007 WL 1072164 at *1 (N.D. Ohio Apr. 5, 2007) (citing *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990)). The defendant bears the burden of establishing that removal is proper. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). Further, "[a]ll disputed questions of fact, all ambiguities in controlling law, and all doubts as to the propriety of removal must be resolved in favor of remand." *Parks v. University Hospitals Case Medical Center*, 2010 WL 5129284 at *2 (N.D. Ohio Dec. 10, 2010) (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

### B. Remand is proper because this Court lacks federal question jurisdiction over this action

Under U.S.C. § 1331, United States district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is also known as "federal question jurisdiction." Federal courts have federal question jurisdiction in cases in which a well-pleaded complaint establishes that federal law creates a cause of action. *Parks*, 2010 WL 5129284 at *2 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). In other words, federal law must provide a right to relief. *Eastman v. Marine Mechanical Corp*, 438 F.3d 544, 550 (6th Cir. 2006). Even if the plaintiff's complaint does not establish an action created by federal law, federal question jurisdiction can arise if a well-pleaded complaint establishes that the plaintiff's right to relief under state law depends on the resolution of a substantial question

3

(5:12-CV-01134)

of federal law. *Franchise Tax Bd.*, 463 U.S. at 13. A defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law. Id. at 11.

### 1. The plaintiff's Complaint does not establish a cause of action created by federal law

The mere mention of a federal statute in a Complaint does not establish that federal law creates a cause of action. In order for a Complaint to establish that the cause of action is created by federal law, there must be a right to relief under federal law. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

Medicaid is a joint state and federal program that states administer in accordance with federal statutory regulations. *Arkansas Dept. of Health and Human Services v. Ahlborn*, 547 U.S. 268, 275 (2006). The Medicaid program requires states to devise and implement State Medical Assistance Plans, which must then be approved by the Secretary of the federal Department of Health and Human Services. 42 C.F.R. § 430.10. Ohio's plan for Medicaid Estate Recovery is codified in ORC § 5111.11, which mirrors 42 U.S.C. § 1396p, the federal Medicaid Estate Recovery statute. Further, the provisions of ORC § 5111.11 have been approved by the federal government. ECF 9, Exhibit 1.

Congress did not provide for a private right of action in the federal Medicaid Act or its accompanying regulations. *Harmon*, 2007 WL 1072164 at *2. Because Congress did not provide for a private right of action under the Medicaid Act, the plaintiff has no right to relief under federal law. Therefore, the plaintiff has not established that its cause of action was created by federal law.

Even if a private right to action were permitted, however, the plaintiff's cause of action is still not created by federal law, but by Ohio law. Generally, "[t]he rulemaking power granted to an

4

(5:12-CV-01134)

administrative agency charged with the administration of a federal statute is not the power to make law. Rather, it is the power to adopt regulations to carry into effect the will of Congress as expressed by the statute." Id. (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213-14 (1976)). In addition, the Medicaid Act and its accompanying regulations "contemplate administrative rather than judicial enforcement of the legislation's requirements." *Fuzie*, 461 F. Supp. at 696. Further, the "primary responsibility of implementing the Medicaid program, of determining recipient eligibility for participation, and of ensuring that 'care and services will be provided in a manner consistent with simplicity of administration and the best interest of the recipients' is placed upon each participating state." Id. (quoting 42 U.S.C. § 1396(a)(17),(19)).

The plaintiff's claim is based on the Medicaid Estate Recovery provisions approved by the federal government and codified in ORC § 5111.11. The Ohio statute directly mirrors 42 U.S.C. § 1396p and is thus consistent with the parameters of the federal statute. Moreover, the plaintiff is a state agency requesting that a state court declare that its claim against the defendant is consistent with the requirements set forth in a state statute, and the task of implementing and administering Medicaid provisions has been congressionally delegated to the states. This is therefore a cause of action created by Ohio law.

### 2. The plaintiff's Complaint does not establish that the plaintiff's right to relief under State law depends on the resolution of a substantial question of federal law

As previously mentioned, even when the plaintiff's Complaint does not establish a cause of action created by federal law, federal question jurisdiction can still exist if the plaintiff's right to relief under State law depends on the resolution of a substantial question of federal law. *Franchise*

(5:12-CV-01134)

*Tax Bd.*, 463 U.S. at 13. The test for determining whether federal question jurisdiction exists over state law claims was summarized by the United States Supreme Court as: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

The defendant contends that the plaintiff's cause of action involves the interpretation of a federal statute, raising a substantial question of federal law and bringing the cause of action under the jurisdiction of this Court. An interpretation of 42 U.S.C. § 1396p is not necessary to resolve the plaintiff's claim, however. As previously mentioned, states are required to submit their own plans for implementation of Medicaid provisions to the federal Department of Health and Human Services. Ohio has done so, and it has codified its plan in ORC § 5111.11. Because the Ohio statute mirrors the federal statute, and its provisions have been approved by the federal government, if statutory interpretation were necessary in order for a court to resolve the dispute in this case, an interpretation of the Ohio statute would be sufficient. Therefore, no substantial federal question has been raised.

The defendant next argues that if the Summit County Court of Common Pleas interpreted the provisions of § 1396p, it could create inconsistent interpretations in various states that participate in the federal Medicaid program. First, it is important to again note that the Court of Common Pleas would not be interpreting the federal statute; it would be interpreting the Ohio statute. Moreover, the federal government allows states to formulate their own plans to implement and administer the federal regulations. If a state fails to comply with federal Medicaid regulations, the typical remedy

(5:12-CV-01134)

"is not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the [s]tate." *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 28 (1981). In other words, if a state interprets a Medicaid provision in a manner inconsistent with federal regulations, it faces penalties imposed by the federal government, giving each participating state an incentive to comply with the federal regulations. The threat of nonuniformity between the states is therefore not a substantial question of federal law.

The defendant also takes the position that interpretation of whether the recovery sought by the State of Ohio was for "medical assistance correctly paid under a State plan," as required by 42 U.S.C. § 1396p, must be performed by this Court. The justification for this contention is that the plaintiff filed five cases previous to this one, and it voluntarily dismissed all five after the defendant requested discovery relating to whether the recovery sought was for correctly paid medical assistance. This fact does not show why the interpretation of the provision cannot and should not be performed by the Summit County Court of Common Pleas, however. The requirement that the medical assistance be "correctly paid" also exists in the state statute. See ORC § 5111.11(B). Further, the fact that plaintiff's counsel has voluntarily dismissed five previous cases shows that the Court of Common Pleas has not yet had the opportunity to interpret the meaning of "correctly paid." Because states are tasked with the administration and implementation of Medicaid, it is proper for the Summit County Court of Common Pleas to address proper interpretation of the "correctly paid" provision.

Finally, even if the plaintiff's claim did raise a substantial federal issue, this Court could not entertain that issue without disturbing the congressionally approved balance of federal and state

7

(5:12-CV-01134)

judicial responsibilities. Congress did not provide for a private right to action in the Medicaid Act, which the U.S. Supreme Court has held is "evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." *Grable,* 545 U.S. 318. Here, Congress delegated the administration and implementation of Medicaid to the states. That delegation, coupled with the fact that Congress did not provide for a private federal right to action, shows it intended litigation over the Estate Recovery provisions of Medicaid to be conducted at the state level.

### 3. The plaintiff's claims in its Complaint do not fall under the probate exception

The plaintiff, in its Motion to Remand, argues that this Court's jurisdiction is not proper because this case falls under the probate exception to federal jurisdiction. The U.S. Supreme Court has held that a federal court has no jurisdiction to probate a will or administer an estate. *Markham v. Allen*, 326 U.S. 490, 494 (1946). However, "federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legitees, and [heirs]' and other claimants against a decedent's estates to 'establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Id.

Here, this Court would not be probating a will or administering an estate. In fact, it would only be ruling on whether the plaintiff could establish its claim against Mr. Jones' estate. It would in no way be interfering with probate proceedings or assuming control over property in custody of the Summit County Court of Common Pleas, as it would only be authorizing the future transfer of money at the state level. Accordingly, the plaintiff's claims do not fall under the probate exception.

8

(5:12-CV-01134)

Even though the probate exception does not apply in this case, however, the plaintiff's Complaint has not established that its cause to action was created by federal law, nor has it established that its right to relief under State law depends on the resolution of a substantial question of federal law. This Court therefore finds that remanding the matter to the Summit County Court of Common Pleas is proper.

### **III. Conclusion**

For the reasons discussed above, the plaintiff's Complaint does not establish a cause of action created by federal law, and it does not establish that the plaintiff's right to relief under State law depends on the resolution of a substantial question of federal law. Therefore, the plaintiff's Motion to Remand, ECF 6, this matter to the Summit County Court of Common Pleas is GRANTED.

The Clerk is ordered to remand this case to the Summit County Court of Common Pleas.

The Court will separately publish a Judgment Entry remanding this case to the Summit County Court of Common Pleas.

IT IS SO ORDERED.

| | |
|---|---|
| June 25, 2012 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |